IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BOWEN, individually and on behalf of all others similarly situated, </br></br>Plaintiff, </br></br>vs. </br></br>WILLIAM E. GROOME and VICKI L. GROOME, </br></br>Defendants. | ) ) ) ) ) ) Case No. 11−cv−0139−GPM−SCW ) ) ) ) ) ) ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

Four non-parties have been served with subpoenas to produce ten years' worth of "[a]ny and all documents" related to Defendants William and Vicki Groome and three other individuals. At a telephonic conference on January 6, 2012, the parties, who had in good faith conferred to resolve the dispute without court action, were directed to brief the Court on the discoverability of the information covered by the subpoenas. Now before the Court is Defendants' Motion to Quash Plaintiffs' Subpoenas, which the Court construes as a Motion for a Protective Order under Federal Rule of Civil Procedure 26(c).

Under Rule 26(c), a protective order may be entered for good cause in order to limit the scope of disclosure or discovery to certain matters. **FED. R. CIV. P. 26(c)(1)(D).** The scope of discovery in federal court is limited to non-privileged, relevant material. *See* **FED. R. CIV. P. 26(b).** While the information sought by Plaintiffs is relevant to the case insofar as it pertains to possible punitive damages, the subpoena is overbroad. So to make the scope of the disputed subpoenas congruent with the scope of discoverable information, the Court **GRANTS IN PART and DENIES IN PART** Defendants' motion, and rules as follows.

The subpoenaed third parties (Citation Oil & Gas Corp.; Plains Marketing, L.P.; Bi-Petro, Inc.; and Countrymark Refining and Logistics, LLC/Countrymark Cooperative, LLP/Countrymark Cooperative Holding Corp.) **SHALL** comply with the subpoenas to the extent they are commanded to produce (1) only documents related to William E. Groome and Vicki L. Groome, and (2) only documents dated within the last two years, and (3) only documents pertaining to ownership interest of and payments made to Defendants William and Vicki Groome, including all royalty check detail statements, division orders or any other documents evidencing payment to Defendants or Defendants' ownership in any royalty interest or working interest.  Plaintiff **SHALL** immediately provide a copy of this order to the subpoenaed third parties.  Further, documents responsive to this order **SHALL NOT** be provided to anyone except counsel for Plaintiffs and Defendants, until the parties agree (or the Court orders) otherwise.

**IT IS SO ORDERED.**
**Dated:** January 17, 2012

/s/ *Stephen C. Williams*
**STEPHEN C. WILLIAMS**
United States Magistrate Judge