UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JAMES BOWEN, individually and on behalf
of all others similarly situated,

        Plaintiff,

v.                                             Case No.:3:11-cv-00139-GPM-SCW

WILLIAM E. GROOME and VICKI L. GROOME,

        Defendants.

### DEFENDANTS' SUPPLEMENT TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

      NOW COME the Defendants, WILLIAM E. GROOME and VICKI L. GROOME, by their attorneys, THE WOMICK LAW FIRM, CHTD., and for their Defendants' Supplement to Defendants' Response to Plaintiff's Motion for Class Certification, state as follows:

      1.      The Plaintiff filed his Motion for Class Certification in this matter.

      2.      Defendants, William and Vicki Groome, filed their Defendants' Response to Plaintiff's Motion for Class Certification which incorporated the Defendants' Brief Opposing Plaintiff's Motion for Class Certification.

      3.      That since such Defendants' filings, that Defendants conducted the deposition of the named Plaintiff, James Bowen, in this matter.

      4.      That Defendants now file this supplement to their Defendants' Response to Plaintiff's Motion for Class Certification, adopting and incorporating both Defendants' Response to Plaintiff's Motion for Class Certification and the Defendants' Brief Opposing Plaintiff's Motion for Class Certification.

      5.      A party seeking to certify a class must in part, under Federal Rule 23(a), establish

four prerequisites:

> "(1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class." USCS Fed Rules Civ Proc R 23.

6. That class certification here should be denied due to actions of the Plaintiff's counsel in soliciting a client for the commencement of this action, specifically soliciting the named Plaintiff, James Bowen.

7. That the solicitation of a client for the commencement of a class action is improper and sufficient to deny class action certification. *Bodner v. Oreck Direct, LLC*, 2007 U.S. Dist. LEXIS 30408, (N.D. Cal. Apr. 25, 2007).

8. "It is clear from the record that plaintiff's counsel, and not plaintiff, is the driving force behind this action. Such a 'cart before the horse' approach to litigation is not the proper mechanism for the vindication of legal rights. See Meachum v. Outdoor World Corp., 654 N.Y.S.2d 240, 171 Misc. 2d 354, 369 (1996) ('Solicitation of clients for the commencement or continuation of a class action is improper, sufficient to warrant denial of class action certification.')." *Bodner v. Oreck Direct, LLC*, 2007 U.S. Dist. LEXIS 30408, 5-6 (N.D. Cal. Apr. 25, 2007).

9. That in *Bodner v. Oreck Direct*, where the plaintiff's counsel "constructed this lawsuit before it had a plaintiff" and then "went in search of a plaintiff, never mind the lack of a

fitting plaintiff or the lack of ethical scruples", the court held that such was sufficient to deny class certification. *Bodner v. Oreck Direct, LLC,* 2007 U.S. Dist. LEXIS 30408 (N.D. Cal. Apr. 25, 2007).

  10. That in *Bodner*, the court commented that the plaintiff counsel's schemed and sought a plaintiff to commence its case, and that "the conduct in this action does not look good, does not sound good, and does not smell good. In fact, it reeks. The court will not participate in this scheme by certifying a class." *Bodner v. Oreck Direct, LLC*, 2007 U.S. Dist. LEXIS 30408 (N.D. Cal. Apr. 25, 2007).

  11. That as in *Bodner*, here too there is a smell that reeks.

  12. The Defendants in this matter did conduct the deposition of the named Plaintiff, James Bowen, on April 5, 2012.

  13. That the named Plaintiff, James Bowen, did admit in his deposition that he had not sought to commence this lawsuit, had not sought any such related representation, or sought to contact anyone concerning such a suit. That however, Jesse Rochman, of Sandberg, Phoenix & von Gontard, did call James Bowen and solicit to represent him in a lawsuit against William and Vicki Groome.

  14. During said deposition, the Plaintiff James Bowen, indicated that prior to the formation of an attorney-client relationship, he received an unsolicited telephone call from Jesse Rochman.

  15. That Plaintiff Bowen indicated that when he received the telephone call from Jesse Rochman, that Jesse Rochman was not his attorney. (See transcript of the deposition of James Bowen, p. 19 lines 6-8, attached here as Exhibit A, hereinafter referred to as

"Deposition").

16. That during such deposition the Plaintiff's counsel objected to further questioning in this matter and instructed Plaintiff Bowen to not answer further questions about such conversation with Jesse Rochman.

17. That immediately, a telephone conference hearing was held before Judge Steve Williams concerning the matter.

18. That Judge Williams held that questions pertaining to conversations up to the agreement to form an attorney-client relationship are not covered by any attorney-client privilege and should be properly within the scope of discovery. (Deposition p. 22 lines 7-13).

19. That the deposition of Plaintiff Bowen then continued, and Plaintiff Bowen did indicate that prior to said telephone call from Jesse Rochman, that Plaintiff Bowen had never heard of Jesse Rochman, or of the law firm that Jesse Rochman works at, Sandberg, Phoenix & von Gontard, and that Plaintiff Bowen had not requested that Jesse Rochman or someone from Sandberg, Phoenix & von Gontard give him a call. (Deposition p. 31 lines 1-12).

20. That Plaintiff Bowen additionally testified that prior to said telephone call with Jesse Rochman, that Bowen did not know the attorneys or of the law firm Sandberg, Phoenix & von Gontard. (Deposition p. 40 lines 8-20).

21. Plaintiff Bowen testified that he did not know how Jesse Rochman came about to give him a call that day. (Deposition p. 31 lines 13-15).

22. Plaintiff Bowen testified that prior to said conversation, that he had never consented to anyone representing him in this matter. (Deposition p. 31 lines 21-24).

23. Plaintiff Bowen testified that prior to said conversation with Jesse Rochman, that

Bowen had not thought about filing a lawsuit in this matter and that he had not asked anyone about the possibility of any kind of recourse in this matter. (Deposition p. 33 lines 8-21).

24. Plaintiff Bowen testified that as a result of said telephone conversation with Jesse Rochman, that Plaintiff Bowen agreed to become their client and file this suit. (Deposition p. 40 lines 21-24).

25. Plaintiff Bowen testified that he agreed to representation by Sandberg, Phoenix & von Gontard, by saying "Yes" when asked if James Bowen would participate in a lawsuit, and that it was James Bowen's understanding that he would then be participating in a lawsuit. (Deposition p. 41 lines 4-12, lines 18-25; p. 42 lines 1-5; p. 43 lines 7-13).

26. Plaintiff Bowen's testimony provides that prior to and during much of this conversation, that Jesse Rochman and the attorneys of Sandberg, Phoenix & von Gontard, had not yet become attorneys representing James Bowen, and that no such attorney-client privilege existed concerning such contact between Jesse Rochman and James Bowen.

27. That Judge Steve Williams, in conference with attorneys during the deposition of Plaintiff Bowen, considered this issue of whether an attorney-client relationship existed between James Bowen and Jesse Rochman during said telephone call. Judge Williams provided that during this unsolicited telephone call from Jesse Rochman to James Bowen, that there were things said between Jessie Rochman and James Bowen prior to any attorney-client privilege, and questions concerning such matters are properly within the scope of discovery. (Deposition p. 21 line 15 - p. 22 line 13).

28. "A lawyer shall not by in-person, live telephone or real-time electronic contact solicit professional employment from a prospective client when a significant motive for the

lawyer's doing so is the lawyer's pecuniary gain". Ill. Sup. Ct. R. Prof'l Conduct, R 7.3(a).

29.     That here, Plaintiff Bowen's testimony indicates that Jesse Rochman did solicit by telephone the prospective client of James Bowen in this matter, in violation of Illinois professional conduct rules for attorneys.

30.     That due to the actions of Plaintiff's counsel in this matter, in soliciting James Bowen to represent him and to commence this lawsuit, that as in *Bodner v. Oreck Direct*, here too should class certification be denied.

WHEREFORE, the Defendants, William E. Groome and Vicki L. Groome, pray that this Court deny the Plaintiff's request to certify this case as a class action, and deny the Plaintiff's requested relief as stated in his Motion for Class Certification, and for such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

WOMICK LAW FIRM, CHTD.


/s/ JOHN WOMICK

WOMICK LAW FIRM, CHTD.
ATTORNEYS AT LAW
501 RUSHING DRIVE
HERRIN, IL 62948
Phone: (618) 993-0911
Fax:    (618) 998-9991
womicklaw@womicklawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JAMES BOWEN, individually and on behalf
of all others similarly situated,

    Plaintiff,

v.                                                     Case No.:3:11-cv-00139-GPM-SCW

WILLIAM E. GROOME and VICKI L. GROOME,

    Defendants.

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that he has caused a true and correct copy of **Defendants' Supplement to Defendants' Response to Plaintiff's Motion for Class Certification** to be e-filed on May 10, 2012, with the Clerk of the U.S. District Court with the CM/ECF system which will send notification of such filing to the following:

        ccox@sandbergphoenix.com
        bpatel@sandbergphoenix.com
        jrochman@sandbergphoenix.com

                                      /s/ JOHN WOMICK

WOMICK LAW FIRM, CHTD.
ATTORNEYS AT LAW
501 RUSHING DRIVE
HERRIN, IL 62948
Phone: (618) 993-0911
Fax:   (618) 998-9991
womicklaw@womicklawfirm.com