UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JAMES BOWEN, individually and on behalf
of all others similarly situated,

      Plaintiff,

v.                                                 Case No.:3:11-cv-00139-GPM-SCW

WILLIAM E. GROOME and VICKI L. GROOME,

      Defendants.

## MOTION TO COMPEL

NOW COME the Defendants, William E. Groome and Vicki L. Groome, by their attorneys, the Womick Law Firm, Chtd., and submit their Motion to Compel, and in support of said Motion state as follows:

1. Defendants in this matter have requested the Plaintiff to produce Jesse Rochman for deposition as a witness in this matter.

2. Plaintiff's counsel indicated that they will not voluntarily produce Jesse Rochman for a deposition in this matter.

3. As result, Defendants now seek this Court to compel the deposition of Jesse Rochman.

4. Defendants in this matter did conduct the deposition of the named Plaintiff, James Bowen, on April 5, 2012.

5. That during such deposition the Plaintiff, James Bowen, indicated through his testimony that prior to the formation of an attorney-client relationship, he received an unsolicited telephone call from Jesse Rochman. (See transcript of the deposition of James Bowen, p. 18 lines 7-16, p. 30 lines 4-15, and p. 40 line 25 - p. 41 line 3, attached here as Exhibit A, hereinafter

referred to as "Deposition").

6. That Plaintiff Bowen testified that when he received the telephone call from Jesse Rochman, that Jesse Rochman was not his attorney. (Deposition p. 19 lines 6-8).

7. That during such deposition the Plaintiff's counsel objected to further questioning in this matter and instructed Plaintiff Bowen to not answer further questions about such conversation with Jesse Rochman. (Deposition p. 19 lines 11-18).

8. That immediately during said deposition, a telephone conference hearing was held before Judge Steve Williams concerning the matter.

9. That Judge Williams held that questions pertaining to conversations up to the agreement to form an attorney-client relationship are not covered by any attorney-client privilege and should be properly within the scope of discovery. (Deposition p. 22 lines 7-13).

10. That the deposition of Plaintiff Bowen then continued, and Plaintiff Bowen did indicate that prior to said telephone call from Jesse Rochman, that Plaintiff Bowen had never heard of Jesse Rochman, or of the law firm that Jesse Rochman works at, Sandberg, Phoenix & von Gontard, and that Plaintiff Bowen had not requested that Jesse Rochman or someone from Sandberg, Phoenix & von Gontard give him a call. (Deposition p. 31 lines 1-12).

11. That Plaintiff Bowen additionally testified that prior to said telephone call with Jesse Rochman, that Bowen did not know the attorneys or of the law firm Sandberg, Phoenix & von Gontard. (Deposition p. 40 lines 8-20).

12. Plaintiff Bowen testified that he did not know how Jesse Rochman came about to give him a call that day. (Deposition p. 31 lines 13-15).

13. Plaintiff Bowen testified that prior to said conversation, that he had never

consented to anyone representing him in this matter. (Deposition p. 31 lines 21-24).

14. Plaintiff Bowen testified that prior to said conversation with Jesse Rochman, that Bowen had not thought about filing a lawsuit in this matter and that he had not asked anyone about the possibility of any kind of recourse in this matter. (Deposition p. 33 lines 8-21).

15. Plaintiff Bowen testified that as a result of said telephone conversation with Jesse Rochman, that Plaintiff Bowen agreed to become their client and file this suit. (Deposition p. 40 lines 21-24).

16. Plaintiff Bowen testified that he agreed to representation by Sandberg, Phoenix & von Gontard, by saying "Yes" when asked if James Bowen would participate in a lawsuit, and that it was James Bowen's understanding that he would then be participating in a lawsuit. (Deposition p. 41 lines 4-12, lines 18-25; p. 42 lines 1-5; p. 43 lines 7-13).

17. Plaintiff Bowen's testimony provides that prior to and during much of this conversation, that Jesse Rochman and the attorneys of Sandberg, Phoenix & von Gontard, had not yet become attorneys representing James Bowen, and that no such attorney-client privilege existed concerning such contact between Jesse Rochman and James Bowen.

18. That as result, Jesse Rochman, is a witness in this matter and his testimony is properly sought in discovery.

19. That Judge Steve Williams, in conference with attorneys during the deposition of Plaintiff Bowen, considered this issue of whether an attorney-client relationship existed between James Bowen and Jesse Rochman during said telephone call. Judge Williams provided that during this unsolicited telephone call from Jesse Rochman to James Bowen, that there were things said between Jessie Rochman and James Bowen prior to any attorney-client privilege, and

3

questions concerning such matters are properly within the scope of discovery. (Deposition p. 21 line 15 - p. 22 line 13).

20. "Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." USCS Fed Rules Civ Proc R 26(b)(1).

21. "Generally, if the information sought is relevant to the subject matter of the litigation it is discoverable unless privileged." *In re Penn Cent. Commercial Paper Litigation*, 61 F.R.D. 453, 460 (S.D.N.Y. 1973).

22. Here the Defendants seek to compel the deposition of Jesse Rochman concerning matters that this Court has already indicated are not privileged, and that such matters include said conversation between Jesse Rochman and James Bowen, prior to James Bowen becoming a client of Jesse Rochman and of Sandberg, Phoenix & von Gontard.

23. That the requested deposition of Jesse Rochman is properly a part of discovery here, and Defendants believe will yield relevant information in this matter.

24. That such matters may be relevant as to provide information about solicitation of James Bowen in this matter.

25. "A lawyer shall not by in-person, live telephone or real-time electronic contact solicit professional employment from a prospective client when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain". Ill. Sup. Ct. R. Prof'l Conduct, R 7.3(a).

26. That here, Plaintiff Bowen's testimony indicates that Jesse Rochman did solicit by telephone the prospective client of James Bowen in this matter.

27. That Defendant seeks deposition testimony of Jesse Rochman which may provide relevant information, concerning this matter, as to the solicitation of representation of James Bowen and creation of this lawsuit by Jesse Rochman and Sandberg, Phoenix & von Gontard, as well as related such violations of professional conduct.

29. That such discoverable information may be relative to the Plaintiff's Motion for Class Certification, that James Bowen may not be a proper representative Plaintiff in this matter or a member of the proposed class, and that the actions of plaintiff counsel in this matter may provide that class certification should be denied.

30. Further that such discoverable information may be relative as to questions concerning the disqualification of Jesse Rochman as well as the law firm Sandberg, Phoenix & von Gontard as plaintiff counsel for James Bowen in this matter.

31. That such discoverable information may be relative as to questions concerning the disqualification of Jesse Rochman as well as the law firm Sandberg, Phoenix & von Gontard in this action as plaintiff counsel for any Plaintiff in this action.

WHEREFORE, the Defendants, William E. Groome and Vicki L. Groome, pray that this Court enter an Order compelling the deposition of Jesse Rochman, and for further relief as this Court deems appropriate.

Respectfully submitted,
                                        WOMICK LAW FIRM, CHTD.


                                        /s/John Womick
                                        JOHN WOMICK

WOMICK LAW FIRM, CHTD.
ATTORNEYS AT LAW
501 RUSHING DRIVE
HERRIN, ILLINOIS 62948
(618) 993-0911
FAX: (618) 998-9991
womicklawfirmchtd@yahoo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JAMES BOWEN, individually and on behalf
of all others similarly situated,

       Plaintiff,

v.                                    Case No.:3:11-cv-00139-GPM-SCW

WILLIAM E. GROOME and VICKI L. GROOME,

       Defendants.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has caused a true and correct copy of Motion to Compel to be e-filed on May 11, 2012, with the Clerk of the U.S. District Court with the CM/ECF system which will send notification of such filing to the following:

       ccox@sandbergphoenix.com
       bpatel@sandbergphoenix.com
       jrochman@sandbergphoenix.com

                                               /s/ JOHN WOMICK

WOMICK LAW FIRM, CHTD.
ATTORNEYS AT LAW
501 RUSHING DRIVE
HERRIN, IL 62948
Phone: (618) 993-0911
Fax:    (618) 998-9991
womicklaw@womicklawfirm.com