IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BOWEN, Individually and on Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL NO. 11-139 -GPM<br>) |
| WILLIAM E. GROOME and VICKI L. GROOME, | )<br>)<br>) |
| Defendants. | )<br>) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On May 31, 2012, the Court held a hearing on Plaintiffs' motion for class certification (Doc. 33) and also considered Plaintiffs' motion to strike Defendant's sur-reply to the motion to certify the class (Doc. 88) and Defendant's motion to file a supplement to their response (Doc. 92). As announced on the record, Plaintiffs' motion to strike is **GRANTED,** Defendants' motion to supplement is **DENIED** without prejudice, and Plaintiffs' motion for class certification is **GRANTED.**

## I. DEFENDANTS' MOTION TO SUPPLEMENT

Plaintiffs filed their motion to certify a class on October 26, 2011 (Doc. 33). Defendants responded on February 21, 2012 (Docs. 73, 74) and Plaintiffs filed their reply on February 28, 2012 (Doc. 78). On May 10, 2012, Defendants filed a "Supplement to Defendants' Response to Plaintiff's Motion for Class Certification" (Doc. 88). The apparent basis for Defendants' supplement (or, alternatively, given the time-line of filing, Defendants' sur-reply) was information gleaned from

named Plaintiff's deposition testimony regarding his possible solicitation by Plaintiffs' counsel (Doc. 88). As Defense counsel argued at the class certification hearing, the gist of the supplement was that Plaintiffs' counsel could not competently represent the class. Plaintiffs filed a motion to strike Defendants' supplement as violative of Local Rule 7.1 (Doc. 89). Defendants then filed a motion for leave to file a supplement to their response to the motion for class certification (Doc. 92).

The Court has considered Defendants' supplement at Doc. 88 and finds that even were Defendants' contentions regarding client solicitation true, they do not bear on the Rule 23(a)(4) analysis here. "Before a district court may certify a proposed class, the class must meet the requirements of Federal Rule of Civil Procedure 23(a). One of those requirements is that the representative parties will fairly and adequately protect the interests of the class. This adequate representation inquiry consists of two parts: (1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.,* 649 F.3d 583, 591-92 (7th Cir. 2011) (internal citations and quotations omitted). Solicitation of a named plaintiff does not in and of itself foreclose counsel's adequacy. *Id.* at 592. Defendants' supplement does not perturb the Court's conclusion that Plaintiffs have met the requirements of Rule 23(a). Plaintiffs' motion to strike the supplement is therefore granted at this time.

## II. MOTION FOR CLASS CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 23(b)(3), Plaintiffs seek certification of a class consisting of "all individuals and business entities who redeemed a tract or real property purchased at Indiana tax and/or Commissioner's sales by William Groome and/or Vicki Groome (or by a

nominee), where the redemption amounts were artificially inflated because William and/or Vicki Groome certified to Indiana County Auditors that they had incurred and/or paid statutory notification and/or title costs which Defendants had not incurred or paid." (Doc. 78).[1]

**A.  Background**

Plaintiffs filed a class action complaint in this Court on February 23, 2011 alleging that Defendants violated federal and Indiana RICO statutes and the Crime Victims Act, and claiming state law fraud, money-had-and-received, and unjust enrichment (Doc. 2).  Per the complaint, Defendants fraudulently certified that they had paid certain costs on tax sales of Indiana real property–costs they then forwarded to named Plaintiff and others who redeemed the property.  This Court's jurisdiction arises pursuant to 28 U.S.C. § 1331 as Plaintiffs are bringing federal claims. Defendants reside in this judicial district, so the suit is properly in the Southern District of Illinois.

**B.  Class Certification Standard**

"A plaintiff who moves for class certification must satisfy the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a), as well as at least one subsection of Rule 23(b)."  *Puffer v. Allstate Ins. Co.,* 675 F.3d 709, 716 (7th Cir. 2012).  Here, Plaintiffs seek certification for a class under Rule 23(b)(3).  Granting class certification is in "the broad discretion of the district court," but plaintiff must "establish (not merely allege) that the elements of Rule 23(a) are met."  *Howland v. First American Title Ins. Co.,* 672 F.3d 525, 528 (7th

---

[1] Plaintiffs propose this class definition in their reply, noting that "Plaintiff originally proposed the class as 'all persons or entities that paid Defendants any amount for Notify Costs or Title Costs, which Defendants did not actually incur and pay.  The new definition does not expand or narrow the class, but simply clarifies it."  (Doc. 78).  The Court finds the 'clarified' class definition of the reply a more useful definition, consistent with the class definition proposed in the motion for class certification.

Cir. 2012). While, "a judge should make whatever factual and legal inquiries are necessary under Rule 23," *Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 676 (7th Cir. 2001), "the court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Messner v. Northshore University HealthSystem,* 669 F.3d 802, 811 (7th Cir. 2012).

C.  **Analysis**

   1.  **Rule 23(a)(1)–Numerosity**

Rule 23(a)(1) provides that a class action may be maintained only if "the class is so numerous that joinder of all members is impracticable." Plaintiffs maintain that their class will consist of over 275 members. Defendants do not dispute, and the Court finds, that this number satisfies R.23(a)(1).

   2.  **Rule 23(a)(2)–Commonality**

Rule 23(a)(2) requires a Court to find that "there are questions of law or fact common to the class," FED.R.CIV.P. 23(a)(2), such that the class has "suffered the same injury as" the named plaintiff. *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 157 (1982). As the Supreme Court stated in *Wal-Mart Stores, Inc., v. Dukes*, Rule 23(a)(2) requires that the claims of the named plaintiff and the class:

> depend on a common contention.…That common contention, moreover, must be of such a nature that it is capable of classwide resolution–which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.…What matters to class certification…is not the raising of common 'questions'–even in droves–but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

131 S.Ct. 2541, 2551 (2011), *quoting* Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L.REV. 97, 132 (2009). A "superficial" common question is not enough,

but "even a single common question" can suffice for commonality. *Jamie S. v. Milwaukee Public Schools,* 668 F.3d 481, 497 (7th Cir. 2012) (internal citations and quotations omitted); *see also Spano v. Boeing Company,* 633 F.3d 574, 588 (7th Cir. 2011) ("But this assumes that every question must be common, and, as we have discussed, that is not what Rule 23(a)(2) demands."). "[A] common nucleus of operative fact is usually enough to satisfy the commonality requirement." *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992). Courts have found a common nucleus of operative fact in situations where a defendant has engaged in standardized conduct toward members of the class. *See, e.g. Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998) (listing cases).

Here, Defendants contend that factual distinctions between named Plaintiff Mr. Bowen and other proposed class members defeat Plaintiffs' claim under R.23(a)(2) as Mr. Bowen did not own any interest of record in the property he redeemed; while other proposed class members were property owners prior to redemption (Doc. 74).

For the purposes of finding commonality to satisfy class certification, the Court concurs with Plaintiff (who incidentally claims that Mr. Bowen was in fact the property owner of record): answering the question of whether Defendants participated in a scheme to inflate the redemption prices would provide class-wide claim resolution. The common nucleus of fact is Defendants' alleged charges to Plaintiffs of tax sale costs they, Defendants, did not actually incur. The commonality requirement is met.

### 3. Rule 23(a)(3)–Typicality

The named plaintiff's claim is typical of the class "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele,* 149 F.3d at 595, *quoting De La Fuente v. Stokely-Van*

*Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983). Distilling the Supreme Court's decision in *General Telephone Company of the Southwest v. Falcon,* 457 U.S. 147 (1982), the Seventh Circuit recently stated that the "starting point" for the typicality analysis is "that there must be enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group." *Spano,* 633 F.3d at 586.

Defendants again raise the contention that Mr. Bowen is not typical of the proposed class, as he was not a prior property owner when he redeemed property at a tax sale. Accordingly, Defendants argue, they had no duty to incur certain costs as to Mr. Bowen's sale (the costs that Plaintiffs claim were fraudulently inflated). Even assuming this is the case, Mr. Bowen's claim is the same as those of the proposed class: when he redeemed the property, the redemption amount was fraudulently inflated. The class claims are not dependent on a pre-existing duty to individual property redeemers. The claims are congruent as between Mr. Bowen and the proposed class.

### 4. Rule 23(a)(4)–Adequacy

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." FED.R.CIV.P. 23(a)(4). In determining whether the interests of a class will be represented adequately, the courts look to "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest of the absentee members." *Secretary of Labor v. Fitzsimmons,* 805 F.2d 682, 697 (7th Cir. 1986) (en banc). The R.23(a)(4) determination also looks to the adequacy of the named plaintiff, as "named plaintiffs who are subject to a defense that would not defeat unnamed class members are not adequate class representatives." *Randall v. Rolls-Royce Corp.,* 637 F.3d 818, 824 (7th Cir. 2011); *see also CE Design Ltd. v. King Architectural Metals, Inc.,* 637 F.3d 721, 726

(7th Cir. 2011) ("A named plaintiff who has serious credibility problems or who is likely to devote too much attention to rebutting an individual defense may not be an adequate class representative.").

The Court has already determined *supra* that Plaintiffs' counsel's alleged solicitation of Mr. Bowen to be class representative does not impinge on the adequacy of Mr. Bowen or of counsel. The Court knows Plaintiffs' counsel as experienced and qualified attorneys who are fully capable of adequate class representation.

Defendants also argue that Mr. Bowen is an inadequate class representative because the statute of limitations of the Indiana Crime Victims Act (Count V of Plaintiff's complaint, Doc. 2) had expired as to Mr. Bowen.[2] Defendants calculate the two-year statute of limitations began to run at the time Defendant William Groome filed the certification for Plaintiff Bowen's property. Plaintiffs respond that the statute of limitations began to run from the time Plaintiff actually redeemed the property, so Mr. Bowen's Indiana Crime Victims Act claim is timely. Defendants also argue that RICO's four-year statute of limitations "would limit class membership" (Doc. 74).

The Court is satisfied that Mr. Bowen is an adequate named plaintiff and that issues of how and when Defendants notified him of allegedly inflated costs goes to the merits of the case beyond what is necessary to ensure that the requirements for class certification are satisfied. While the Court could conduct an evidentiary hearing on the issue of the Crime Victims Act, it is unnecessary. The Court has no 'definite reservations' regarding Mr. Bowen's adequacy. *See Americna Honda Motor Co., Inc., v. Allen*, 600 F.3d 813, 815 (7th Cir. 2010). As to Defendants' contention that not

---

[2] Defendants do not specify to what subsection of Rule 23 the statute of limitations argument refers. In Plaintiffs' reply, they address the argument in the context of the R.23(b)(3) predominance requirement. The Court finds the issue does not bar class certification under any subsection of Rule 23, but finds that addressing the issue under both the predominance and adequacy requirements makes the most sense in this context.

all class members could sustain a timely RICO claim, "it is almost inevitable that a class will include some people who have not been injured by the defendant's conduct because at the outset of the case many members may be unknown, or the facts bearing on their claims may be unknown, [but] this possibility does not preclude class certification." *Pella Corp. v. Saltzman,* 606 F.3d 391, 394 (7th Cir. 2010).

### 5. Rule 23(b)(3)–Predominance and Superiority

For the same reasons, the statute of limitations issue does not weigh on the Court's predominance or superiority analysis. "When certification is sought under Rule 23(b)(3), as it is here, proponents of the class must [] show: (1) that the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy." *Messner v. Northshore University HealthSystem,* 669 F.3d 802, 811 (7th Cir. 2012). In their reply brief, Plaintiffs quote *Newberg On Class Actions*, which the Court finds particularly useful: "Challenges based on the statute of limitations, fraudulent concealment, releases, causation, or reliance have usually been rejected and will not bar predominance satisfaction because those issues go to the right of a class member to recover, in contrast to underlying common issues of the defendant's liability." Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* 4.26 (3d ed. 1992). As noted above, common questions do predominate here–Defendants' alleged underlying scheme impacted the class members in the same way. *See Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 625 (1997) ("Predominance is a test readily met in certain cases alleging consumer or securities fraud.").

In determining whether a class action is superior to other available methods for deciding this

controversy, Rule 23(b)(3) requires the Court to consider:

> (1)   the interest of members of the class in individually controlling the prosecution or defense of separate actions;
>
> (2)   the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
>
> (3)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (4)   the difficulties likely to be encountered in the management of a class action.

FED. R. CIV. P. 23(b)(3).  In a case such as this, where "[t]he essential claims of each class member rest on resolution of the same issues of law and fact, and given the potential large number of small shareholders, a class action is the only fair and economical method of resolving this dispute." *Beale v. Edgemark Fin. Corp.*, 164 F.R.D. 649, 658-659 (N.D. Ill. 1995).  Thus, the class action is a superior means of adjudicating the claims of class members.  *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 189 (N.D.Ill. 1992) ("judicial economy and efficiency, as well as consistent judgments, are achieved by certifying the class.").  Given the facts and arguments presented to the Court thus far, the Court considers this action an ideal candidate for class determination–the parties will achieve economies of time, effort, and expense if this action proceeds as a class action.

## CONCLUSION

The requirements of Federal Rule of Civil Procedure 23 are satisfied and Plaintiffs' motion for class certification is **GRANTED.**  The Court hereby **CERTIFIES** the following class:

> **All individuals and business entities who redeemed a tract or real property purchased at Indiana tax and/or Commissioner's sales by William Groome and/or Vicki Groome (or by a nominee), where the redemption amounts were artificially inflated because William and/or Vicki Groome certified to Indiana County Auditors that they had incurred and/or paid statutory notification**

**and/or title costs which Defendants had not incurred or paid.**
This certification is conditional and may be altered or amended before a decision on the merits.

The Court **APPOINTS** James Bowen as Class Representative. The Court further **APPOINTS** A. Courtney Cox, Bhavik Ramesh Patel, and Jesse Barrett Rochman and the firm Sandberg, Phoenix, et. al. as Class Counsel.

**IT IS SO ORDERED.**

DATED: June 7, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge