IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BOWEN, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CIVIL NO. 11-139-GPM ) |
| WILLIAM E. GROOME and VICKI L. GROOME, | ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court previously entered preliminary approval of the parties' joint settlement agreement (Doc. 126), with the caveat that the Court was not approving Plaintiff's requested attorney fees (Doc. 134). Plaintiff sent Court-approved notice to class members (Doc. 136). No objections to the settlement were received, though Plaintiff received only seven claims from the class. The Court held a final fairness hearing on October 7, 2013 pursuant to Federal Rule of Civil Procedure 23(e)(2). Counsel for the parties appeared, as did Defendants. No other interested person appeared to be heard regarding the fairness of the settlement. The Court now finds as follows:

1. This action satisfies the requirements of Rule 23 for the reasons set forth in the Court's Order certifying the class at Doc. 109. The class was defined as "All individual and business entities who redeemed a tract or real property purchased at Indiana tax and/or Commissioner's sales by William Groome and/or Vicki Groome (or by a nominee), where the redemption amounts

were artificially inflated because William and/or Vicki Groome certified to Indiana County Auditors that they had incurred and/or paid statutory notification and/or title costs which Defendants had not incurred or paid." The members of the class have been adequately represented by the Class Representative and Class Counsel.

2. Notice approved by the Court was sent by first class mail, postage prepaid, to the last known address of each class member. In addition, follow-up efforts were made to provide Notice to individuals whose original Notice was returned as undeliverable. The Notice adequately described the relevant and necessary terms of the proposed Settlement Agreement. The Notice provided to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process requirements, and provides the Court with jurisdiction over the Class Members. *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 177-78 (1974); *Phillips Petroleum v. Shutts*, 472 U.S. 797 (1985).

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

4. The Court has considered and applied the factors set forth in *Armstrong v. Board of School Directors of the City of Milwaukee*, 616 F.2d 305, 312 (7th Cir. 1980), *overruled on other grounds*, and *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 653 (7th Cir. 2006) for evaluating the settlement and has concluded that the settlement is fair, reasonable, and adequate.

5. The parties' settlement agreement is given final approval, other than paragraph eight of the settlement, "Class Counsel Fees." Defendants will send Class Counsel payment of $150,000.00 for settlement purposes. Payments shall be made from that fund to eligible, claiming class members. Class Representative, James Bowen, shall receive an additional incentive award from

the fund in the amount of $2,500.00.   This incentive award is fair, reasonable, and appropriate.

6. Class Counsel shall recover their hard out-of-pocket expenses of $6,896.44 from the fund. Class Counsel is ORDERED to file a final report with the Court showing satisfaction of the settlement agreement.   At that point, the Court will order an award of $40,000.00 in attorney fees to Class Counsel from the fund. This amount is fair, reasonable, and appropriate; particularly given the small amount of total funds to be distributed to claiming Class Members.

7. Unclaimed funds shall revert to Defendants.

The parties' settlement agreement is given final approval in all respects other than the award of Class Counsel fees.   Class Counsel shall file a report with the Court showing disbursement of the settlement funds to their clients, at which point the Court will enter an order for class attorney fees and the case will be closed.

**IT IS SO ORDERED.**

**DATED**: October 11, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge